UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 11-CV-1320 (JFB) (ARL)
Nº 11-CV-1319 (JFB) (ARL)
_____

KENNETH LEOGRANDE,

Plaintiff,

VERSUS

ERIE INS. CO. OF N.Y.,

Defendant.

AND

KENNETH LEOGRANDE,

VERSUS

GOV'T EMPLOYEES INS. CO., A.K.A. GEICO,

Defendant.
_____

**MEMORANDUM AND ORDER**
April 20, 2011
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Kenneth Leogrande ("plaintiff" or "Leogrande") commenced these separate actions on March 18, 2011 against defendants Erie Insurance Company of New York ("Erie") and Government Employees Insurance Company, A.K.A. GEICO ("GEICO") (collectively "defendants"). The complaints purport to allege claims for deprivation of plaintiff's Equal Protection and Due Process rights under 42 U.S.C. § 1983.[1] Accompanying each of plaintiff's complaints is an application to proceed *in forma pauperis*.

---

[1] Plaintiff filed a series of five lawsuits in 2010 in connection with his arrest and ongoing prosecution in Suffolk County. Those cases have been consolidated under 08-cv-3088. The claims in the instant case appear to be unrelated to the claims in those other lawsuits. In any event, as noted below, the federal claims in the instant two lawsuits under Section 1983 must be dismissed for lack of state action.

The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and, for the reasons discussed below, dismisses the Section 1983 claims in these complaints *sua sponte* with prejudice for lack of state action. The Court declines to exercise supplemental jurisdiction over any purported state claims.

I. BACKGROUND

These actions both stem from an alleged accident on December 1, 2007, during which plaintiff "was rear ended, by a new pick-up Truck, that was Speeding well over 100 m.p.h."[2] (GEICO Compl. ¶ 4; Eric Compl. ¶ 1.) Plaintiff claims that, as a result of this accident, he "lives in the EXTREEMES, of PAIN, and HUMAN SUFFERING," and accordingly "needs the 9 Trigger Point Injections, that Neurologist, Dr. Haddad, was providing, every two weeks." (Erie Compl. ¶ 9). He also alleges that he needs spinal surgery to relieve his pain (*id.* ¶ 11; GEICO Compl. ¶ 10), as well as chiropractic care (Erie Compl. ¶ 10), and that he "can not, use his toes' to walk, but must, use the heal of the foot, ball of the foot and the sides of both feet, in order to walk." (GEICO Compl. ¶ 10.)

As to defendant Erie, plaintiff claims that Erie violated his Equal Protection and Due Process rights "by, Summarily, terminating, Health Care Services, in order to maximize Corporate Profits," when it terminated plaintiff's chiropractic treatment and terminated the "Trigger Point Injections." (Erie Compl. ¶ 7.) Further, plaintiff alleges that Erie violated his constitutional rights by "refusing to pay 46 Health Services Bills, and mailed out a Denial of Claim Form, instead of obeying the law." (*Id.* ¶ 8.) These actions, according to plaintiff, "[v]iolated . . . Equal Protection of the Law as it is expressed in Article 51 of The New York State Insurance Law . . . . which states, that Insurance Companies, must pay all bills within 30 days." (*Id.* ¶¶ 7-8.) Plaintiff seeks $1,000,000 in damages for Erie's alleged violation of plaintiff's constitutional rights.

As to defendant GEICO, plaintiff claims that GEICO made a bad faith offer to settle a state-law tort action[3] with plaintiff for $7,500. (GEICO Compl. ¶ 9.) Specifically, plaintiff alleges:

> GEICO, Ins. Co., was not required by Law to make an offer for settlement prior to Verdict, but when they made a bad faith offer, a NON-EQUITABLE, offer of Reparation, for SERIOUS INJURY, they Violated the Constitutional Rights of the Plaintiff . . . to, EQUAL PROTECTION, of the Law and . . . to, DUE PROCESS of LAW, by, Violating, Plaintiff's, Equal Right, to the Protection, of, Article51 of The New York Insurance Law, as applied to all of the People, of the State of New York, EQUALLY, with disregard to Financial Class, with, UNIFORM APPLICATION of the Law, both for the wealthy and for the poor. GEICO, Ins. CO., in the case of Leogrande, Knowing, that nearly 50- 60 thousand dollars, had been distributed to the WHITE COLLAR CLASS, the professional class, ( the State of N.Y., alone received 25k, for treatment of Plaintiff; at Stony Brook

---

[2] All quotations from plaintiff's papers are cited as written. Any typographical or grammatical errors in the quotations appeared in the original and are quoted without notation.

[3] Based on documents attached to the complaint, it appears that this settlement offer was made in connection with plaintiff's underlying tort action in another court.

Physical Therapy) Testing, about 6k, Chiropractic, about 5k Neurology about 3k Testing for Surgery 2k, between 35-45k, was handed over the, White Collar Class, in addition to a totaled out, NEW TRUCK, ( 25k)handed over to Corporations, for an estimated grand total of 50-70k, dispersed to the WEALTHY: a, TAINTED offer, of REPARATION, $7500 was offered to a crippled man, living on the poverty level, that had no visible means to ENFORCE, his CIVIL RIGHTS.

(*Id.*) In addition, plaintiff claims that his "Constitutional Right, to an, EQUITABLE, offer of REPARATION" was prejudiced during his examination before trial, when plaintiff was asked questions regarding his income, where he lived, and what level of education he had. (*Id.* ¶ 11.) Plaintiff claims that "this information was used to Deny, Plaintiff; a Equitable, REPARATION, with prejudice, against, Plaintiff's Financial Class." (*Id.*) Finally, plaintiff asserts:

> It is apparent, to this Plaintiff; that, large settlement offers, are given to, Wealthy Members, of the White Collar Class, and that, an Audit of the Facts, is never made, to determine the distribution of Wealth. Insurance Companies, would not permit, a Lawful Audit. Plaintiff; believes, that very small offers are made to the poor, as, a matter of National Policy, or, the poor, are given nothing at all. These, are certainly the facts in the case of Leogrande. The clear intention, of GEICO, with prejudice, against, the POOR CLASS, is to make sure, that no WEALTH, is distributed, to the POOR. Nothing could prove, ENEQUITY, more than a $7500 offer, made by, GEICO, to Plaintiff; that, will be crippled and in SUFFERING, for the rest of life.

(*Id.* ¶ 13.) Plaintiff seeks $1,000,000 in damages from GEICO.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), a district court is required to dismiss *sua sponte* a complaint filed *in forma pauperis* if the complaint is, *inter alia*, "frivolous" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). However, when a plaintiff is proceeding *pro se*, a court has an obligation to construe his or her pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court cannot dismiss an action *sua sponte*. *McEachin v. McGuinnis*, 357 F.3d 197, 201 (2d Cir. 2004) (quoting *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003)).

"An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Olushina v. Gonzalez*, No. 06-CV-4030 (JG), 2006 WL 2927158, at *2 (E.D.N.Y. Oct. 11, 2006) (dismissing *sua sponte* § 1983 claim against defense attorney for lack of state action) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)) (additional quotation marks omitted).

Similarly, a complaint fails to state a claim for which relief can be granted when it does not "allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *See Operating Local 649 Annuity Trust Fund v. Smith Barney*

3

*Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, it is well settled that a court may dismiss a claim under Section 1983 *sua sponte* where there is no conceivable basis to find that the defendant was a state actor. *See Peterec-Tolino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010) (affirming district court's *sua sponte* dismissal of § 1983 claims because, *inter alia*, certain defendants were not state actors); *see also Walton v. Breeyear*, No. 9:05-CV-0194 (LEK/DEP), 2007 WL 446010, at *5 n.12 (N.D.N.Y. Feb. 8, 2007); *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 59 n.1 (D. Conn. 2000); *Sommer v. Rankin*, 449 F. Supp. 66, 67 (E.D.N.Y. 1978) ("In this case, the claim of state action, which is essential to the invocation of [§] 1983, is clearly frivolous. This court cannot believe that the Court of Appeals intended that *sua sponte* dismissal should be avoided even in cases such as this, where there is no conceivable basis for liability under § 1983. Accordingly, the court is of the opinion that in this particular case, such dismissal would not be inappropriate.").

III. DISCUSSION

The Court liberally construes plaintiff's *pro se* complaints as attempting to assert Fourteenth Amendment Due Process and Equal Protection claims pursuant to 42 U.S.C. § 1983.[4] As set forth herein, the Court concludes that plaintiff's complaints should be dismissed because plaintiff has not, and cannot, allege that either defendant was a "state actor" for purposes of § 1983.[5]

---

[4] The Court notes that plaintiff also cited to Article 51 of the New York Insurance Law in support of his claims. Plaintiff appears to allege that defendants' purported violation of Article 51 resulted in a violation of plaintiff's Equal Protection rights and, thus, the citations to Article 51 appear to be part of plaintiff's § 1983 claims. However, to the extent that plaintiff is seeking to allege a separate state-law claim for violation of New York Insurance Law, the Court declines to exercise supplemental jurisdiction over such a claim, given that plaintiff's federal claims must be dismissed for the reasons stated *infra*. *See* 28 U.S.C. § 1367(c)(3); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)); *Karmel v. Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). Thus, the Court need not address any New York Insurance Law cause of action, to the extent that plaintiff sought to bring one.

[5] In the alternative, the Court concludes that the complaints fail to satisfy Federal Rule of Civil Procedure 8. Although it is abundantly clear that there is no state action for purposes of Section 1983, the exact nature of plaintiff's claims are unclear because the pleadings are a series of scattered allegations with random references to injuries, medical treatments, and constitutional provisions. Thus, even assuming

4

A. Section 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

*See* 42 U.S.C. § 1983.

Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). An individual acts under color of state law when he or she exercises power "'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "Private parties are generally not amenable to suit under § 1983, because they are not state actors, although they may be liable where 'there is a sufficiently close nexus between the State and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the State itself,' . . . or where they are 'jointly engaged with state officials' in a conspiracy to deprive the plaintiff of his constitutional rights." *Bhatia v. Yale Sch. of Medicine*, 347 F. App'x 663, 664-65 (2d Cir. 2009) (internal citations omitted).

B. Analysis

In the instant action, it is clear from the allegations of the complaints that defendants cannot, as a matter of law, qualify as state actors within the meaning of § 1983. Indeed, plaintiff neither alleges that defendants were acting under color of state law nor provides any facts from which it could be inferred that defendants were acting under authority of state law. In fact, although the precise details of his claims are incomprehensible, the one thing that is apparent from the pleadings is that plaintiff is attempting to sue private insurance companies under Section 1983 for some alleged refusal to pay medical expenses or for offering a settlement figure that plaintiff apparently deemed to be too low. With respect to any such claims, plaintiff has not (and cannot) allege state action and, thus, his federal claims should be dismissed *sua sponte* as frivolous because they are based on an indisputably meritless legal theory. *See Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (affirming district court's *sua sponte* dismissal of § 1983 claim against defense attorney because claim was frivolous under § 1915(e)(2)(B)(i)); *Graham v. City of Albany*, 08-CV-892 (RFT), 2009 WL 4263510, at *13 (N.D.N.Y. Nov. 23, 2009) (*sua sponte* dismissing § 1983 action for failure to allege that private individual was acting under color of state law where plaintiff "alleged no facts to suggest that [the private party] acted jointly with the [state] Defendants" and made "no allegation that [the private party] had any interaction or agreement with the [state defendants]" (internal citations omitted)).

---

*arguendo* plaintiff could allege state action, the complaints would fail to survive Rule 8 because they are largely incomprehensible.

## C. Leave to Amend

In dismissing plaintiff's federal claims, the Court has considered whether to dismiss the federal claims with prejudice, or grant leave to re-plead. Having thoroughly reviewed the complaints, the Court declines to provide plaintiff with an opportunity to re-plead, because even if plaintiff could satisfy the requirements of Rule 8, he cannot correct the fact that defendants were not acting under color of state law for purposes of plaintiff's § 1983 claims.

The Second Circuit has emphasized that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") As discussed in detail *supra,* it is clear from the complaints that plaintiff does not have any possibility of asserting a plausible Section 1983 claim. Thus, where any amendment to the complaints would clearly be futile because of a lack of state action under Section 1983, dismissal without leave to re-plead is appropriate. *See, e.g.*, *Peterec-Tolino v. New York*, 364 F. App'x at 711 (affirming district court's *sua sponte* dismissal of § 1983 claims without leave to amend because, *inter alia*, certain defendants were not state actors and "[a]ny amendment would be futile"); *Wilson v. Wilson-Polson*, No. 09 Civ. 9810 (PGG), 2010 WL 3733935, at *10 (S.D.N.Y. Sept. 23, 2010) (leave to amend unwarranted because, *inter alia*, plaintiff could not allege state action under Section 1983); *Contes v. City of New York*, No. 99 Civ. 1597 (SAS), 1999 WL 500140, at *11 (S.D.N.Y. July 14, 1999) ("It would be futile to grant leave to replead in this case. Without state action, which is lacking here, [plaintiff] cannot prevail on a claim pursuant to § 1983.").

## IV. CONCLUSION

For the foregoing reasons, the federal claims in the above-referenced complaints are dismissed with prejudice. To the extent plaintiff attempts to assert some state law claim, the Court in its discretion declines to exercise supplemental jurisdiction over any such claims and those claims are dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close these cases. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, thus, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Date: April 20, 2011
Central Islip, NY